Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Howard S. Han (SBN 243406)
hhan@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DISCOVERY CLOTHING CO., an Illinois Corporation; KNITWORK PRODUCTIONS CORPORATION, a New York corporation dba "Say What?"; ALL FASHIONS CLOTHING, INC, a New York corporation dba "Speed Control New York"; PROFILE INDUSTRIES, INC., dba "Fashion Web"; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

Star Fabrics, Inc., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

1

**JURISDICTION AND VENUE**

2      1.  This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101

3  *et seq.*

4      2.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 and

5  1338 (a) and (b).

6      3.  Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and

7  1400(a) in that this is the judicial district in which a substantial part of the acts and

8  omissions giving rise to the claims occurred.

9

**PARTIES**

10      4.  Plaintiff STAR FABRICS, INC. is a corporation organized and existing

11  under the laws of the State of California with its principal place of business located

12  at 1440 East Walnut Street, Los Angeles, California 90011.

13      5.  Plaintiff is informed and believes and thereon alleges that Defendant

14  Discovery Clothing Company ("Discovery") is a corporation organized and existing

15  under the laws of the state of Illinois, with its principal place of business located at

16  4300 N. Knox Ave., Chicago, Illinois 60641 and is doing business in and with the

17  state of California.

18      6.  Plaintiff is informed and believes and thereon alleges that Defendant

19  Knitwork Productions Corporation, doing business as Say What? ("Say What") is a

20  corporation organized and existing under the laws of the state of New York, with its

21  principal place of business located at 1400 S. Broadway, Rm. 1209, New York, New

22  York 90018 and is doing business in and with the state of California.

23      7.  Plaintiff is informed and believes and thereon alleges that Defendant All

24  Fashions Clothing, Inc., doing business as "Speed Control New York" ("Speed

25  Control") is a corporation organized and existing under the laws of the state of New

26  York, with its principal place of business located at 171 Milbard Blvd., Farmingdale,

27  New York 11735, and is doing business in and with the state of California.

28

2
COMPLAINT

8.  Plaintiff is informed and believes and thereon alleges that Defendant Profile Industries, Inc., doing business as "Fashion Web" ("Fashion Web") is a corporation organized and existing under the laws of the state of New York, with its principal place of business located at 1407 Broadway Ste. 2203, New York, New York 10018 and is doing business in and with the state of California.

9.  Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN NO. 64818

11. Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled 64818 ("Subject Design A") which has been registered with the United States Copyright Office.

12. Prior to the acts complained of herein, Plaintiff widely disseminated fabric bearing Subject Design A to numerous parties in the fashion and apparel industries.

13. Plaintiff is informed and believes and thereon alleges that following its distribution of Subject Design A, Discovery, Say What, DOE Defendants, and each of them distributed and/or sold fabric and/or garments featuring a design which is substantially similar to Subject Design A (hereinafter "Subject Product A") without Plaintiff's authorization, including but not limited to products sold by Discovery under SKU 21938300690001 and bearing the label "Say What?" and RN 94522 indicating that it was manufactured by or for Say What.

14. An image of Subject Design A and an exemplar of Subject Product A are set forth hereinbelow:

**Subject Design A**    **Subject Product A**

 

### <u>CLAIMS RELATED TO DESIGN NO. 64893</u>

15. Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled 64893 ("Subject Design B") which has been registered with the United States Copyright Office.

16. Prior to the acts complained of herein, Plaintiff widely disseminated fabric bearing Subject Design B to numerous parties in the fashion and apparel industries.

17. Plaintiff is informed and believes and thereon alleges that following its distribution of Subject Design B, Discovery, Speed Control, Fashion Web, DOE Defendants, and each of them, manufactured, distributed, and/or sold fabric and/or

garments comprised of fabric featuring a design which is identical, or substantially similar, to Subject Design B (hereinafter "Subject Product B") without Plaintiff's authorization, including but not limited to products sold by:

    a.  Discovery under SKU 21951800690001 and bearing the label "Speed Control New York" and RN 117761 indicating that it was manufactured by or for Speed Control.

    b.  Discovery under SKU 20933000690001 and bearing the label "Fashion Web" and RN 86763, indicating that it was manufactured by or for Fashion Web.

18. An image of Subject Design B and an exemplar of Subject Product B are set forth hereinbelow:

**Subject Design B**               **Subject Product B**



## **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement - Against All Defendants, and Each)

19. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

20. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Designs A and B (collectively, "Subject

Designs"), including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments in the marketplace manufactured with lawfully printed fabric bearing Subject Designs.

21. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s), and each of them, has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed Subject Designs in that said garments were composed of fabric which featured unauthorized print designs that were identical or substantially similar to Subject Designs, or were an illegal modification thereof.

22. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from Subject Designs and by producing, distributing and/or selling Subject Products through a nationwide network of retail stores, catalogues, and through on-line websites.

23. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

24. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of Subject Designs in an amount to be established at trial.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in Subject Designs;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: October 16, 2015                    DONIGER/BURROUGHS

                                        By:   /s/ Stephen M. Doniger
                                              Stephen M. Doniger, Esq.
                                              Howard S. Han, Esq.
                                              Attorneys for Plaintiff